# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**JUAN HERNANDEZ**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:12-MJ-384

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 29-year-old man born and living in Holland, MI. He has three minor children in the area but has not seen them in three years. He has negligible employment in this district.

Defendant has been convicted of two prior felonies and was found sitting in a car in Holland, MI, with a foreign-made fully loaded revolver in his waist band. Defendant is a member of the Latin Kings (as identified by his own acknowledgement he would run with the Latin Kings until he died; his tattoos; and various eye witnesses), who has (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community from the unrelenting criminal behavior of the defendant and his total unwillingness and/or inability to be supervised while released under the authority of the court. While plaintiff appears personable and has been respectful in court, he has demonstrated a complete disrespect of the law outside the courtroom and would not be amenable to court supervision.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 6, 2012

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:12-cr-00298-PLM ECF No. 10 filed 12/07/12 PageID.16 Page 2 of 2

United States v. **JUAN HERNANDEZ**
1:12-MJ-384
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

been linked to various assaults committed by the Latin Kings.  The state courts have repeatedly told defendant not to associate with his gang, to no avail.

The defendant has a lengthy and uninterrupted record of street violence over his entire adult life.  He has been convicted of carrying a concealed weapon, assault and battery (seven times), resisting and obstructing police, domestic violence, trespass-refuse to depart, and disorderly-jostling

He has also been convicted on three separate occasions of possession of marijuana, as well as attempted possession with intent to deliver.  He has been convicted of being a minor in possession of alcohol nine times.

Significantly, virtually every time plaintiff has been placed on probationary status over the past dozen years, he has violated that probation, thus defying a court's ability to supervise him.

    a) In 2001, defendant was placed on probation for assault and battery.  On three occasions thereafter, probation was revoked and defendant was sent to jail.
    b)  In 2003, defendant was convicted of a felony attempt to possess marijuana with the intent to deliver it and placed on probation.  His probation was subsequently revoked for failing to report, failing to submit to drug testing, failing to pay a fine, consuming alcohol, and associating with known members of the Latin Kings.
    c)  In 2005, defendant was convicted of disorderly-jostling and placed on probation. He then violated probation on three separate occasions and tested positive for cocaine use.  Twice he was put in jail.
    d)  In 2007, defendant was convicted of retail fraud 3rd degree and placed on probation, which was subsequently revoked when defendant used cocaine, and defendant was sent to jail.
    e)  In 2008, defendant was convicted of assault and battery and placed on probation.  Less than two weeks later his probation was revoked and he was sent to jail.  He was ultimately given an unsatisfactory probation discharge.
    f)  In 2009, defendant was convicted of possessing marijuana and sentenced to jail and probation.  Probation was subsequently revoked when defendant failed to report to his probation officer.

In January of this year, defendant resisted arrest for felonious assault, and the police had to pull out a taser and a handgun.  Defendant twice challenged the police to fight him, and when he was ultimately handcuffed in police custody, he still resisted attempts to place him in a police vehicle.

**Part II - Written Statement of Reasons for Detention** - (continued)